UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LODI, et al.,<br><br>Defendants. | No. 2:18-cv-1964-KJM-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

*Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff's complaint consists largely of redundant legal conclusions, with only minimal factual allegations. *See generally* ECF No. 1 & 1-1.[2] Liberally construed, plaintiff alleges that in June 2018, he encountered a traffic safety checkpoint while driving his car. ECF No. 1 at 2-3. A police officer allegedly ordered plaintiff to stop his car and produce his driver's license. *Id*. at 3. Plaintiff claims that since there was no probable cause for the stop, he refused to produce his driver's license. *Id*. Plaintiff was subsequently arrested, his vehicle was towed and impounded for thirty days, and his driver's license was suspended. *Id*. at 3, 13. Plaintiff alleges that he timely demanded "a full Post-deprivation hearing by Numerous Notices of Objection," which defendants ignored. *Id*. at 7. The complaint alleges claims for violation of plaintiff's Fourth and

---

[2] With his complaint, plaintiff filed a separate document purporting to allege additional claims. ECF No. 1. The court construes this document as part of plaintiff's complaint and has considered it in screening the complaint.

2

Fourteenth Amendment rights under 42 U.S.C. §§ 1983 and 1985 against the City of Lodi, Lodi Police Officers J. Nickel and R. Dionfee, San Joaquin County, the State of California, Pacific Tow, and unidentified police officers.

As a threshold matter, plaintiff purports to allege claims against the "Duty Officer at Check Point," "Other Police Officers at Check Point," and several "Doe" defendants. ECF No. 1 at 1. The failure to identify these defendants by name is problematic and requires dismissal of these defendants. Unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants. Where a request to add subsequently identified defendants is made, Rule 15 (and if there is a statute of limitations issue, Rule 15(c)), and not state court Doe pleading practices, govern whether the amendment should be allowed.

As for the two defendant officers identified by name—Officers J. Nickel and R. Dionfee—the complaint does not contain sufficient allegations to state a § 1983 claim. To state a claim for violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint does not contain any allegations concerning Officer Dionfee. Instead, this defendant is merely listed as a defendant on the complaint's caption. ECF No. 1 at 1. With respect to Officer Nickel, the only allegation in the complaint is that the officer unconstitutionally made "a Judicial determination on the (30) day hold (seizure) of [plaintiff's] vehicle without" obtaining a warrant. ECF No. 1 at 5. This allegation is too vague and conclusory to establish a claim for relief or to provide defendant Nickel with notice of the specific claim plaintiff alleges. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at specific acts that defendant the engaged, which if true, establish a cause of action. *Id.* The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). The single allegation made against Officer Nickel fails to satisfy this standard.

The complaint also fails to state a § 1983 claim against defendants City of Lodi and San Joaquin County. A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiff contends that City of Lodi and County of San Joaquin had a "Policy, Practice and or [sic] Custom, thus establishing municipal liability." ECF No. 1 at 4-9; ECF No. 1-1 at 3.[3] But plaintiff does not identify any specific policy or custom that resulted in a violation of his federally protected rights. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (To succeed on a Monell claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted)); *Brown v. Contra Costa County*, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in *Iqbal* and *Twombly*, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

---

[3] This conclusory allegation is repeated in the complaint approximately 15 times.

4

The complaint also fails to state a § 1983 claim against the State of California for multiple reasons. First, the complaint does not allege any acts by California or its agents. Second, California is immune from § 1983 suit under the Eleventh Amendment. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]") (citations and quotation marks omitted); *Brown v. Cal. Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009).

Plaintiff's § 1983 claim against defendant Pacific Tow is also deficiently pled. Plaintiff alleges that Pacific Tow violated his "rights to a Full Forfeiture due process hearing" in violation of the Fourth, Fifth, and Fourteenth Amendments. ECF No. 1 at 8. A private actor ordinarily does not act under color of state law and cannot be held liable under section 1983. However, a private towing company may be held liable under § 1983 when it acts at the direction of law enforcement. *See Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977) ("[T]he private towing company is a willful participant in a joint activity with the State or its agents, and there is a sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself.") (internal quotations and citations omitted). But plaintiff's allegation that Pacific Tow failed to provide him a "Full Forfeiture due process hearing" is too vague and conclusory to demonstrate that the towing company violated of plaintiff's civil rights. It also is insufficient to establish liability under *Monell*. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("[W]e see no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law.").

Plaintiff also fails to state a conspiracy claim under § 1985. Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and

5

immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing justice or intimidating a party, witness, or juror). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir.2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). Plaintiff has not adequately alleged any deprivation of his constitutional rights, nor has he alleged that there was any agreement or "meeting of the minds" by the defendants to deprive him of his rights. There are also no allegations of any racial or class-based discrimination.

For the above stated reasons, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff will be granted leave to file an amended complaint, but any such complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local

Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 21, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE