UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LODI, et al.,<br><br>　　　　　Defendants. | No.  2:18-cv-1964-KJM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

The court previously dismissed plaintiff's original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  He was granted leave to file an amended complaint and has now submitted a first amended complaint.  ECF No. 5.  However, as discussed below, the first amended complaint fails to remedy the deficiencies of the prior complaint and must also be dismissed for failure to state a claim.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
2  conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual
3  allegations must be enough to raise a right to relief above the speculative level on the assumption
4  that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate
5  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
6  support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
7  1990).

8      Under this standard, the court must accept as true the allegations of the complaint in
9  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
11 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
12 requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
13 complaint to include "a short and plain statement of the claim showing that the pleader is entitled
14 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
15 which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

16     Like plaintiff's earlier complaint, the first amended complaint consists largely of
17 redundant legal conclusions, with only minimal factual allegations. *See generally* ECF No. 5.
18 The crux of the amended complaint is that in mid-2018, plaintiff was arrested, his car impounded,
19 and his driver's license suspended after he refused to produce his driver's license at a traffic
20 safety checkpoint. *Id*. at 3. Plaintiff claims that the traffic stop and his subsequent arrest were
21 unlawful because there was no probable cause for the stop. *Id*. He further claims that he timely
22 demanded "a full Post-deprivation hearing by Numerous Notices of Objection," which defendants
23 ignored. *Id*. at 7. He also claims that defendant Pacific Tow threatened to place a lien on his
24 vehicle and to have it sold to recover the towing and impound costs. *Id*. at 11-12. Lastly, he
25 alleges that a "Municipal Court Judge . . . summarily found [plaintiff] guilty of civil contempt and
26 . . . remanded [him] into jail custody" for eight days. *Id*. at 14. Allegedly, the civil contempt was
27 based on plaintiff's failure to appear for a hearing but plaintiff denies that he ever failed to
28 appear. The complaint alleges claims for violation of the plaintiff's First, Fourth, Fifth, Eighth,

1  Ninth, Tenth, and Fourteenth Amendment rights under 42 U.S.C. §§ 1983 and 1985 against the
2  City of Lodi, Lodi Police Officers J. Nickel and R. Dionfee, San Joaquin County, the State of
3  California, Pacific Tow, "Judge of Lodi Municipal Court," "San Joaquin County Prosecutor," and
4  unidentified police officers.

5       Plaintiff again attempts to assert claims against the "Duty Officer at Check Point," "Other
6  Police Officers at Check Point," "Judge of Lodi Municipal Court," "San Joaquin County
7  Prosecutor," and several "Doe" defendants.  ECF No. 5 at 1.  Plaintiff was previously informed
8  that the failure to identify defendants by name is problematic.  Unknown persons cannot be
9  served with process until they are identified by their real names, and the court will not investigate
10 the names and identities of unnamed defendants.  The proper procedure is for plaintiff to
11 investigate the actual identity of the defendants he wishes to sue and, once identified, seek leave
12 to amend to add additional parties.  Where a request to add subsequently identified defendants is
13 made, Rule 15 (and if there is a statute of limitations issue, Rule 15(c)), and not state court Doe
14 pleading practices, govern whether the amendment should be allowed.

15      Furthermore, the claims against the unnamed judge and prosecutor are barred by judicial
16 and prosecutorial immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 360-61 (1978) ("Because the
17 court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors
18 he may have committed nor the lack of a specific statute authorizing his approval of the petition
19 in question rendered him liable in damages for the consequences of his actions."); *Schucker v.
20 Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune
21 from damages actions for judicial acts taken within the jurisdiction of their courts . . .  A judge
22 loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or
23 performs an act that is not judicial in nature."); *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997)
24 ("[P]rosecutor is fully protected by absolute immunity when performing the traditional functions
25 of an advocate."); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding that
26 prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and
27 presenting cases).  Although plaintiff claims the state judge, as well as the prosecutor, acted
28 /////

1 without jurisdiction, he provides no factual allegations in support of that contention.[2] ECF No. 5
2 at 14-15.

3       As for the two defendants identified by name—Officers J. Nickel and R. Dionfee—the
4 complaint does not contain sufficient allegations to state a § 1983 claim. To state a claim for
5 violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right
6 secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7 violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
8 42, 48 (1988). Like plaintiff's earlier complaint, the amended complaint does not contain any
9 allegations concerning Officer Dionfee. Instead, this defendant is merely listed as a defendant on
10 the amended complaint's caption. ECF No. 5 at 1.

11       As for Officer Nickel, the only allegation against this officer is that he "unconstitutionally
12 [made] a Judicial determination on the (30) day hold (seizure) of [plaintiff's] vehicle without"
13 obtaining a warrant. *Id*. at 5. Although the Federal Rules adopt a flexible pleading policy, a
14 complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones*
15 *v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege the
16 specific acts (or failures to act) of the defendant which, if true, establish a cause of action. *Id.*
17 The allegations must be short and plain, simple and direct and describe the relief that plaintiff
18 seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*
19 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). The single allegation as to Officer
20 Nickel fails to satisfy this standard.

21       The amended complaint also fails to state a § 1983 claim against defendants City of Lodi
22 and San Joaquin County. A municipal entity or its departments (such as a county, a county jail,
23 or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff
24 shows that his constitutional injury was caused by employees acting pursuant to the
25 municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274,

---

[2] Plaintiff contends that the judge and prosecutor are not entitled to immunity because they violated his rights in relation to civil contempt proceedings. ECF No. 5 at 14-15. Plaintiff is mistaken. Judges and prosecutors are entitled to immunity when performing the traditional functions of their respective jobs.

4

280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008).  In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).  That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Throughout the amended complaint, plaintiff alleges that defendants City of Lodi, County of San Joaquin, and California had a "Policy, Practice and or [sic] Custom, thus establishing municipal liability."  ECF No. 5 at 5-15, 17-21.  But plaintiff does not identify any specific policy or custom that resulted in a violation of his federally protected rights.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (To succeed on a Monell claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted)); *Brown v. Contra Costa County*, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in *Iqbal* and *Twombly*, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

The amended complaint also fails to state a § 1983 claim against the State of California for multiple reasons.  First, plaintiff again fails to allege any acts by California or its agents.  Second, California is immune from § 1983 suit under the Eleventh Amendment.  *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.  The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to

1  abrogate a State's Eleventh Amendment immunity[.]") (citations and quotation marks omitted);

2  *Brown v. Cal. Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009).

3  Plaintiff also fails to state a § 1983 claim against defendant Pacific Tow. The amended
4  complaint alleges Pacific Tow violated plaintiff's rights under the Fourth, Fifth, and Fourteenth
5  Amendments by failing to respond to his numerous demands "for a full Post-Tow hearing." ECF
6  No. 5 at 8. A private towing company, although generally not subject to liability under § 1983, is
7  considered to act under color of state law when it acts at the director of law enforcement. *See*
8  *Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977) ("[T]he
9  private towing company is a willful participant in a joint activity with the State or its agents, and
10 there is a sufficiently close nexus between the State and the challenged action of the (towing
11 company) so that the action of the latter may be fairly treated as that of the State itself.") (internal
12 quotations and citations omitted). But plaintiff's allegation that Pacific Tow failed to provide him
13 a "full Post-Tow hearing" is too vague and conclusory to demonstrate that the towing company
14 violated his civil rights. It also is insufficient to establish liability under *Monell*. *See Tsao v.*
15 *Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("[W]e see no basis in the reasoning
16 underlying *Monell* to distinguish between municipalities and private entities acting under color of
17 state law.").

18 Plaintiff also fails to state a conspiracy claim under § 1985. Section 1985(3) creates a
19 civil action for damages caused by two or more persons who "conspire . . . for the purpose of
20 depriving" the injured person of "the equal protection of the laws, or of equal privileges and
21 immunities under the laws" and take or cause to be taken "any act in furtherance of the object of
22 such conspiracy." 42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing
23 an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing
24 justice or intimidating a party, witness, or juror). The elements of a § 1985(3) claim are: (1) the
25 existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in
26 furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d
27 1130, 1141 (9th Cir.2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first
28 element requires that there be some racial or otherwise class-based "invidious discriminatory

animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). Plaintiff has not adequately alleged any deprivation of his constitutional rights, nor has he alleged that there was any agreement or "meeting of the minds" by the defendants to deprive him of his rights. There are also no allegations of any racial or class-based discrimination.

Accordingly, the amended complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2). Further, the court finds that granting further leave to amend would be futile. Plaintiff has already been afforded an opportunity to amend, and his allegations continue to fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint (ECF No. 5) be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7